## City of New Orleans *v.* Charles Gottschalk.

*Judgment for municipal taxes by default and confirmed, without proof that the property assessed in the name of the defendant belonged to him; Held: a legal presumption necessarily arises from the provisions of the assessment law in favor of the correctness of the assessment roll, and it was the business of defendant to show the error in the roll, if error there was.*

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.
    *Hiestand & Levy,* for plaintiff. *Laville,* for defendant and appellant.

Voorhies, J. (Merrick, C. J., absent.) The defendant is appellant from a definitive judgment by default against him for municipal taxes.

NEW ORLEANS
*v.*
GOTTSCHALK.

The defence urged by him is, that, under the tacit issue, which is tantamount to a general denial, the plaintiff was bound to show that he was the owner of the property assessed in his name for the year 1854; that the court below erred in assuming the proof of the existence of the title to the property in him from the fact of its description in the tax receipt and assessment roll. This defence is clearly inadmissible. In the assessment of property subject to taxation, the law imposes certain duties upon the assessors, among others, that of calling upon each tax payer for a list of his property under oath. Certain notices are required to be given in cases of absence. After the completion of the assessment roll, it must be deposited with the proper officer, giving notice thereof, in order to rectify any errors which may exist therein to the prejudice of any person, within a certain delay. Hence it is obvious that a legal presumption must necessarily arise in favor of the correctness of such assessment roll. If any error existed to the prejudice of the defendant in the assessment of property in his name, he should therefore have alleged and proved such error.

It is, therefore, ordered and decreed, that the judgment of the court below be affirmed, with costs.